UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ASHLEY R. SAMPSON,<br><br>Plaintiff,<br><br>v.<br><br>SALT LAKE CITY CORPORATION,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER OVERRULING [50] OBJECTION TO MAGISTRATE JUDGE DECISION**<br><br>Case No. 2:24-cv-00501-DBB-JCB<br><br>District Judge David Barlow |

Before the court is Plaintiff Ashley R. Sampson's Objection[1] to a magistrate judge decision denying her motion to quash.[2]

**BACKGROUND**

This case arises out of allegations of discrimination and violations of the Americans with Disabilities Act ("ADA") and the Family and Medical Leave Act ("FMLA"). Plaintiff alleges the following:

She was hired by Defendant in 2019.[3] In early 2021, Plaintiff began experiencing severe migraines and other health concerns, including "fibromyalgia, anxiety, depression, and gastrointestinal issues."[4] Because of these mental and physical health issues, Plaintiff is disabled under the ADA and FMLA.[5] Although she was initially granted FMLA leave and accommodations to continue working, Ms. Sampson later began experiencing discrimination and

---

[1] Objection, ECF No. 50, filed June 12, 2026.
[2] Magistrate Judge Order, ECF No. 46, entered June 1, 2026.
[3] Amended Compl., ECF No. 10, filed Nov. 26, 2024.
[4] *Id.* ¶¶ 9, 79.
[5] *Id.* ¶ 79.

hostility from her supervisors.[6] She was ultimately terminated in late 2023.[7] Plaintiff filed this

suit in July 2024, asserting causes of action under the ADA and FMLA.[8]

On May 5, 2026, Plaintiff filed a motion to quash three third-party subpoenas directed

toward (1) her healthcare provider, University of Utah Health; (2) her former in-house workplace

therapist, Jaime Cardenas; and (3) her current employer, the State of Utah Division of Human

Resources Management.[9] The proposed subpoenas request documents relating to Ms. Sampson's

alleged disabilities, treatment plans, accommodations, work restrictions, and current

employment.[10] Ms. Sampson argued that the subpoenas require disclosure of privileged

psychotherapist-patient communications, may create professional stigma in her current

workplace, will unduly burden the third parties, and are overbroad.[11]

On May 29, 2026, the magistrate judge held a hearing on Plaintiff's motion to quash,

along with two other motions relating to discovery and scheduling.[12] In that hearing, the

magistrate judge denied Plaintiff's motion to quash.[13] He held that Plaintiff lacks standing to

challenge the subpoenas on grounds relating to overbreadth, proportionality, or undue burden on

the third-parties.[14] The magistrate judge also held that Ms. Sampson placed her mental health at

issue in this case by alleging disability based on anxiety and depression and thus waived her

privilege.[15] The magistrate judge found it irrelevant that the subpoenaed therapist works for

---

[6] *Id.* ¶¶ 10, 12, 18, 32.
[7] *Id.* ¶ 74.
[8] *Id.* ¶¶ 76–104.
[9] Motion to Quash 2, ECF No. 34, filed May 5, 2026.
[10] *See id.* at 22, 26, 31.
[11] *Id.* at 6–7.
[12] Hearing, ECF No. 45 at 1:30–9:20, entered May 29, 2026.
[13] *Id.* at 7:55.
[14] *Id.* at 2:00–2:34.
[15] *Id.* at 3:10–3:57.

Defendant because the information must be disclosed anyway and because any concerns with that relationship must be raised by the third-party therapist.[16] Finally, the magistrate judge found that Tenth Circuit law does not bar subpoenas to current employers based on a potential "chilling" effect and that Plaintiff's speculative concerns are not enough to deny the production of relevant evidence.[17] Ms. Sampson now objects to that ruling.

STANDARD

When reviewing an objection to a magistrate judge's non-dispositive ruling, the court will "modify or set aside any part of the order that is clearly erroneous or is contrary to law."[18] To overturn a decision as clearly erroneous, the court must be left with a "definite and firm conviction that a mistake has been committed."[19]

DISCUSSION

Ms. Sampson objects to the denial of her motion to quash on the grounds that the magistrate judge (1) improperly found that she had waived her privilege; (2) permitted overbroad, redundant, and disproportionate discovery; (3) allowed a subpoena to her current employer; and (4) failed to account for Defendant's bad faith.[20]

## I.    Privilege and Waiver

Plaintiff first objects that the magistrate judge erred in allowing Defendant to request her privileged medical information and psychotherapist-patient communications.[21] She argues that

---

[16] *Id.* at 4:00–4:20.
[17] *Id.* at 4:30–7:30.
[18] Fed. R. Civ. P. 72(a); 28 U.S.C.A. § 636(b)(1)(A).
[19] *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988).
[20] Objection 2.
[21] *Id.* at 4.

Defendant cannot circumvent her privilege by subpoenaing its own employee.[22] Plaintiff further argues that she has not waived her privilege because she is not alleging severe psychiatric injury, only produced limited medical records to rebut Defendant's arguments, and only waived the limited information she voluntarily disclosed.[23]

"[C]onfidential communications made to licensed psychiatrists and psychologists," as well as those made to "licensed social workers in the course of psychotherapy" are privileged.[24] But "a plaintiff waives the psychotherapist-patient privilege by placing his or her medical condition at issue."[25] In this case, Ms. Sampson asserts causes of action under the ADA and FMLA,[26] which require her to establish that she is disabled in order to state a claim.[27] She alleges that she is disabled in part due to her anxiety and depression.[28] Even if Plaintiff produced only limited medical records and does not seek damages for emotional distress, her medical condition is a necessary element of her claim, which places it at issue in the case.[29] Thus, it was not clear error for the magistrate judge to find that Plaintiff waived her psychotherapist-patient privilege.

---

[22] *Id.*

[23] *Id.* at 4–5.

[24] *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996).

[25] *Fisher v. Sw. Bell Tel. Co.*, 361 F. App'x 974, 978 (10th Cir. 2010) (unpublished) (quoting *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000)).

[26] Amended Compl. ¶¶ 76–104.

[27] *See Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1192 (10th Cir. 2018) (among other elements, a plaintiff must show that "he is disabled within the meaning of the ADA" to establish a prima facie case of ADA discrimination").

[28] Amended Compl. ¶ 79.

[29] *See Watson v. Olathe Med. Ctr., Inc.*, No. 01-2382-CM, 2002 WL 73395, at *1 (D. Kan. Jan. 8, 2002) ("[A] plaintiff waives the physician-patient privilege by bringing an action in which his or her medical condition is an element of the claim."); *see also McFadden v. Town of Meeker Colorado*, No. 16-CV-2304-WJM-GPG, 2017 WL 11837692, at *4 (D. Colo. Feb. 15, 2017).

## II.      Disproportionate Discovery

Plaintiff next objects that the subpoenas are disproportionate to the needs of the case, cumulative, and overbroad.[30] She also argues that the magistrate judge is obligated to review the produced materials *in camera* to sort relevant evidence from "protected communications."[31] The magistrate judge considered these same arguments on Ms. Sampson's motion to quash and at the hearing and determined that she lacks standing to assert them on behalf of the subpoenaed third-parties.[32] "Generally, a party does not have standing to object to a subpoena issued to a third party, unless the party challenging the subpoena has a personal right or privilege with respect to the subject matter sought by the subpoena."[33] "[E]ven where a party has standing to quash a subpoena based on privilege or a personal right, he or she lacks standing to object on the basis of undue burden and on the grounds of overbreadth and relevance."[34]

In this case, it was not clear error for the magistrate judge to find that Ms. Sampson lacks standing to object to the third-party subpoenas on the basis of overbreadth and proportionality. Though Plaintiff has a personal interest to object based on privilege, objections relating to burdens involved with producing the information are reserved for the parties that will make the production. And Plaintiff's argument that the magistrate judge must review all produced information to protect her privacy is unavailing. To the extent she refers to privileged medical communications, that privilege was waived as discussed above. If Ms. Sampson is concerned

---

[30] Objection 3–4, 5–6.
[31] *Id.* at 7.
[32] Hearing at 2:00–2:34.
[33] *Ennis v. Alder Prot. Holdings, LLC*, 2022 WL 4290099, at *2 (D. Utah Sept. 16, 2022) (quoting *First Am. Title Ins. Co. v. Nw. Title Ins. Agency, LLC*, No. 2:15-CV-00229, 2015 WL 6872333, at *3 (D. Utah Nov. 9, 2015)).
[34] *Route App, Inc. v. Heuberger*, No. 2:22-CV-00291-TS-JCB, 2024 WL 309748, at *2 (D. Utah Jan. 26, 2024) (quoting *Hutchinson v. Kamauu*, No. 2:20-CV-00796-RJS-DAO, 2022 WL 180641, at *2 (D. Utah Jan. 20, 2022)).

about irrelevant personal information, she may raise such objections if or when Defendants attempts to use any allegedly irrelevant information on summary judgment or at trial. But she lacks standing to object to its production at this stage.

## III.   "Chilling" Effect

Ms. Sampson also argues that defendants must seek employment materials directly from plaintiffs before they subpoena a plaintiff's employer.[35] She cites only district court cases from another jurisdiction for the proposition that subpoenas to a plaintiff's current employer regarding disputes with past employers, "if warranted at all, should be used only as a last resort."[36] Plaintiff does not provide any Tenth Circuit authority to support her argument that subpoenas to current employers are prohibited because they may "chill Plaintiff's current employment."[37] When asked about this issue at the hearing, Ms. Sampson conceded that her current employer has not indicated any concern about her dispute with Defendant or about her previous use of FMLA leave.[38] In the absence of any controlling caselaw to the contrary or any concrete reason that the subpoena to Plaintiff's current employer would negatively impact her, the magistrate judge's order allowing the subpoena was not clearly erroneous.

## IV.   Bad Faith

Finally, Plaintiff objects to the magistrate judge order on the grounds that it ignores Defendant's bad faith.[39] She argues that Defendant has behaved inequitably throughout discovery by failing to meet discovery deadlines and by affording itself more time to complete

---

[35] Objection 3.
[36] *Warnke v. CVS Corp.*, 265 F.R.D. 64, 69 (E.D.N.Y. 2010).
[37] Objection 3–4.
[38] Hearing at 5:41–5:56.
[39] Objection 3.

6

discovery than Plaintiff has received.[40] But Ms. Sampson does not explain how this alleged practice is relevant to these specific subpoenas. Indeed, the magistrate judge addressed many of the parties' disputes regarding overall discovery conduct and scheduling later in the same hearing in the context of separate discovery and scheduling motions.[41] Thus, it was not clear error for the magistrate judge to decline to quash Defendant's third-party subpoenas on these grounds.[42]

## ORDER

Plaintiff's [50] Objection is OVERRULED.

Signed July 2, 2026.

BY THE COURT

_____

David Barlow
United States District Judge

---

[40] *Id.*

[41] *See* Hearing at 12:30–13:30.

[42] Plaintiff also objects to Defendant's Interrogatory No. 22 and Request for Production No. 47 as improper attempts to shift blame. *See* Objection 7. These discovery requests do not seem to be related to the third-party subpoenas currently at issue, so the court will not address them.